NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN MCCLURE,

Plaintiff-Appellee,

v.

COUNTRY LIFE INSURANCE
COMPANY, FDBA Country Companies,
DBA Country Financial; CC SERVICES,
INC., DBA Country Financial,

Defendants-Appellants.

No.    18-16661

D.C. No. 2:15-cv-02597-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted February 5, 2020
Phoenix, Arizona

Before:  GRABER, HURWITZ, and MILLER, Circuit Judges.

After a jury trial, the district court entered a judgment holding Country Life

Insurance Company ("CLI") and CC Services, Inc. ("CCSI") (together, the

"Defendants") liable for the bad faith termination of Benjamin McClure's disability

benefits and, as relevant to this appeal, awarding McClure $1.29 million in

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

compensatory damages for emotional distress against the Defendants jointly and severally, and $2.5 million in punitive damages severally against each Defendant. We affirm.

1.	Drawing all reasonable inferences in McClure's favor, there was sufficient evidence to support the jury's conclusion that the Defendants were engaged in a joint venture under Arizona law. CLI had no employees of its own; all of those who made disability termination decisions were employed by a sister company, CCSI. CCSI employees were compensated in part based on the profitability of CLI, which in turn depended on the decisions those employees made concerning disability benefits. A reasonable jury could therefore find that CLI and CCSI "share[d], to some extent, . . . in the control and management of the venture," *Estate of Hernandez v. Flavio*, 930 P.2d 1309, 1313 (Ariz. 1997), or that CLI had otherwise "effectively place[d] control" over claims decisions in CCSI's hands, *Ellingson v. Sloan*, 527 P.2d 1100, 1104 n.1 (Ariz. Ct. App. 1974); *see also Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1138 (Ariz. 1982).

2.	The district court did not err in finding that the evidence at trial sufficiently supported the separate punitive damages award against CCSI.[1] "Arizona's courts have long held that a business may be vicariously liable in punitive

---

[1]	On appeal, the Defendants do not challenge the punitive damages award against CLI or the imposition of two awards against CCSI and CLI severally, rather than one joint and several award.

2

damages for acts an employee commits in furtherance of the business and within the scope of employment." *Hyatt Regency Phx. Hotel Co. v. Winston & Strawn*, 907 P.2d 506, 515 (Ariz. Ct. App. 1995). All actions at issue in this case were undertaken by CCSI employees, in furtherance of and within the scope of their employment, and the jury was instructed on respondeat superior liability. There was sufficient evidence from which the jury could have found that these employees acted with an evil mind in terminating McClure's benefits. *See Sec. Title Agency, Inc. v. Pope*, 200 P.3d 977, 995 (Ariz. Ct. App. 2008).

3. The district court did not abuse its discretion in limiting the testimony of Defendants' expert witness. The expert seemed to misunderstand the definition of "bad faith" under Arizona law, and the court reasonably concluded that her testimony would have been an improper expert opinion on an ultimate issue of law. *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). Even assuming that McClure's challenge to the expert's testimony was untimely, district courts still "must perform a 'gatekeeping role'" with respect to expert testimony. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (citation omitted).

4. The district court also did not abuse its discretion in upholding the $1.29 million compensatory damages award for emotional distress. The award was not "grossly excessive or monstrous," *see McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011) (citation omitted), and the jury

3

could have reasonably inferred from the evidence that the termination of benefits

aggravated McClure's emotional distress, *see Ontiveros v. Borak*, 667 P.2d 200, 205

(Ariz. 1983).

**AFFIRMED.**

McClure v. Country Life Ins., No. 18-16661

GRABER, Circuit Judge, concurring in part and dissenting in part:

Although I agree with the remainder of the majority disposition, I respectfully dissent from Paragraphs 1 and 2.

In my view, the evidence was insufficient to support a finding that CCSI engaged in a "joint venture" with Country Life, which was Plaintiff's only theory of liability as to CCSI. Under the unchallenged instructions, the jury had to find that there was a joint venture "related to claims handling." (Emphasis added.) The only evidence as to CCSI as an entity is that it processed payroll. By contrast, only Country Life handled claims, and only Country Life denied Plaintiff's claim. Under Arizona law, Sparks v. Republic Nat'l Life Ins., 647 P.2d 1127, 1138 (Ariz. 1982) (en banc), a joint venture requires (among other things) an agreement and an equal right of control. CCSI as an entity had no agreement with Country Life that "related to claims handling"; the agreement was to process payroll. Nor did CCSI have any right of control over claims handling. Indeed, the Arizona Supreme Court reversed a judgment premised on a joint venture in a similar situation on the ground that the plaintiffs had "failed to show any active involvement" by the insurance-related entity in question. Id.

Accordingly, I would vacate the judgment against CCSI in its entirety. See Bridgestone/Firestone N. Am. Tire, L.L.C. v. Naranjo, 79 P.3d 1206, 1213 (Ariz.

Ct. App. 2003) (holding that a claim for punitive damages cannot proceed when the plaintiff cannot recover actual damages from a given entity).